<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEMARCO ARMSTEAD<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MARK CRANSTON,<br><br>　　　　　Respondent. | Civil Action No. 25-14670 (GC)<br><br>**<u>MEMORANDUM & ORDER</u>** |

**<u>CASTNER, District Judge</u>**

THIS MATTER comes before the Court on the petition (Petition) for a writ of habeas corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner DeMarco Armstead (ECF No. 1), Petitioner's application to proceed *in forma pauperis* ("IFP") (IFP Application) (ECF No. 2), and his motion docketed as a "Motion to Incorporate Documents 1, 3 & 6 of 2:25-cv-10372-CCC-CF ARMSTEAD v. MIDDLESEX COUNTY ADULT CORRECTION CENTER" ("Motion to Incorporate") (ECF No. 3).

At the time he submitted his Petition, IFP Application, and Motion to Incorporate, Petitioner was incarcerated at the Middlesex County Adult Correction Center ("MCAC") in New Brunswick, New Jersey.

A search of the Middlesex County Adult Corrections Center Inmate Lookup Site indicates that Petitioner is no longer located at MCAC.[1]  Furthermore, on March 25, 2026, the Honorable

---

[1]　　*See* https://doclookup.co.middlesex.nj.us/ArchonixXJailPublic/Default.aspx?ref=1　(last visited Apr. 2, 2026).

Claire C. Cecchi, U.S.D.J., administratively terminated Petitioner's civil rights action against MCAC under Local Civil Rule 10.1(a) because he had not updated the Court with his address. (No. 25-10372, ECF No. 19 at 1.)  According to Judge Cecchi, mail sent to Plaintiff at MCAC was returned as undeliverable on October 10, 2025.  (*Id.*).

Likewise, Petitioner has not contacted this Court to provide an updated address.

Local Civil Rule 10.1(a) provides, in relevant part:

> [U]nrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk.  Failure to file a notice of change may result in the imposition of sanctions by the Court.

Dismissing a complaint without prejudice is an appropriate remedy for noncompliance with this rule.  *See Archie v. Dep't of Corr.*, No. 12-2466, 2015 WL 333299, at *1 (D.N.J. Jan. 23, 2015). Failure to provide an updated address within thirty (30) days of the date of this Order may result in dismissal of this matter for lack of prosecution.

**IT IS**, therefore, on this 2nd day of April 2026, **ORDERED** as follows:

1. The IFP Application (ECF No. 2) and Motion to Incorporate (ECF No. 3) are **DENIED without prejudice** under Local Civil Rule 10.1(a).

2. The Clerk of the Court shall **TERMINATE** the Motion pending at ECF No. 3.

3. The Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter for failure to comply with Local Civil Rule 10.1(a), **without prejudice**.

4. If Petitioner wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within thirty (30) days of the date of entry of this Memorandum and Order; Petitioner's writing shall show good cause why he did not timely apprise the Court of his new address.

2

3

5.  Failure to comply with this Memorandum and Order may result in the matter being dismissed for lack of prosecution.

6.  The Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. Mail at his last known address.

_____
**GEORGETTE CASTNER**
**United States District Judge**

3